FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  JUL 26 2017  ★

BROOKLYN OFFICE

AL:MTK
F. #2017R00319

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ALBERT VELIU,
        also known as "Benny Veliu,"
CHRISTOPHER CURANOVIC,
XHEVAT GOCAJ,
        also known as "John Gocaj,"
DILBER KUKIC,
TRISH LUM,
ANTHONY NOTERILE,
AGIM RUGOVA,
EKRAM SEJDIJA,
MARTIN SHKRELI and
ALBAN VELIU,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **CR 17 - 404**

(T. 18, U.S.C., §§ 371, 894(a)(1),
924(d)(1), 981(a)(1)(C), 982(a)(1),
982(b)(1), 1956(a)(1)(B)(i),
1956(a)(3)(B), 1956(h), 1957(a), 2 and
3551 et seq.; T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(D), 846, 853(a) and 853(p); T.
28, U.S.C., § 2461(c))

**MATSUMOTO, J.**

**TISCIONE, M.J.**

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Transport a Destructive Device and Machine Guns)

      1.      In or about and between April 2017 and June 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

ALBERT VELIU, also known as "Benny Veliu," together with others, without being a licensed

importer, licensed manufacturer, licensed dealer or licensed collector, did knowingly and

willfully conspire to transport in interstate and foreign commerce one or more machineguns, to

wit: fourteen AK-47 assault rifles, and a destructive device, to wit: one Zolja anti-

tank rocket launcher equipped with one 64mm rocket, contrary to Title 18, United States Code, Section 922(a)(4).

2.        In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant ALBERT VELIU, also known as "Benny Veliu," together with others, committed and caused the commission of, among others, the following:

### OVERT ACTS

a.        On or about May 19, 2017, in New York, New York, a confidential source provided VELIU with $13,500.00 for the purchase of fifteen AK-47 assault rifles.

b.        On or about May 23, 2017, VELIU wired $2,000.00 from Staten Island, New York to co-conspirators in Kosovo as a down payment for the purchase of the AK-47s.

c.        On or about June 3, 2017, VELIU traveled from Queens, New York to Kosovo to purchase the AK-47s from co-conspirators.

d.        On or about June 18, 2017, in Kosovo, VELIU and others provided six AK-47s to an individual in Kosovo.

e.        On or about June 27, 2017, in Staten Island, New York, VELIU directed co-conspirators in Kosovo to provide an additional eight AK-47s and one Zolja anti-tank rocket launcher equipped with one 64mm rocket to an individual in Kosovo.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNT TWO
(Extortionate Collection of Credit Conspiracy)

3.        In or about and between October 2016 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ALBERT VELIU, also known as "Benny Veliu," CHRISTOPHER CURANOVIC and ANTHONY NOTERILE, together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit from John Doe #1, an individual whose identity is known to the Grand Jury.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

## COUNT THREE
(Money Laundering Conspiracy)

4.       In or about and between January 2017 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALBERT VELIU, also known as "Benny Veliu," CHRISTOPHER CURANOVIC and ANTHONY NOTERILE, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions affecting interstate commerce and transactions involving a financial institution the activities of which had an effect on interstate commerce, which transactions involved property represented by a person at the direction of, and with the approval of, a federal official authorized to investigate violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841, with the intent to conceal and disguise the nature, location, source, ownership and control of property believed to be the proceeds of such specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(3)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FOUR
(Money Laundering)

5.       In or about and between January 2017 and June 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ALBERT VELIU, also known as "Benny Veliu," CHRISTOPHER CURANOVIC

and ANTHONY NOTERILE, together with others, did knowingly and intentionally conduct one

or more financial transactions affecting interstate commerce and transactions involving a

financial institution the activities of which had an effect on interstate commerce, which

transactions involved property represented by a person at the direction of, and with the approval

of, a federal official authorized to investigate violations of Title 18, United States Code, Section

1956, to be proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of

Title 21, United States Code, Section 841, with the intent to conceal and disguise the nature,

location, source, ownership and control of property believed to be the proceeds of such specified

unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(3)(B).

(Title 18, United States Code, Sections 1956(a)(3)(B), 2 and 3551 et seq.)

## COUNT FIVE
(Money Laundering Conspiracy)

6.      In or about and between March 2017 and May 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ALBERT VELIU, also known as "Benny Veliu," and AGIM RUGOVA, together

with others, did knowingly and intentionally conspire:

a.      to conduct one or more financial transactions affecting interstate

commerce and transactions involving a financial institution the activities of which had an effect

on interstate commerce, which transactions in fact involved the proceeds of specified unlawful

activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841,

knowing that the property involved in the financial transactions represented the proceeds of some

form of unlawful activity, and that the transactions were designed in whole and in part to conceal

and disguise the nature, location, source, ownership and control of the proceeds of such specified

unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

      b.  to engage in one or more monetary transactions, by, through and to

a financial institution, in and affecting interstate and foreign commerce, in criminally derived

property that was of a value greater than $10,000 and that was derived from a specified unlawful

activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841,

contrary to Title 18, United States Code, Section 1957(a).

      (Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT SIX
(Money Laundering)

    7.  In or about and between March 2017 and May 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

AGIM RUGOVA, together with others, did knowingly and intentionally conduct one or more

financial transactions affecting interstate commerce and transactions involving a financial

institution the activities of which had an effect on interstate commerce, which transactions in fact

involved the proceeds of specified unlawful activity, to wit: attempted money laundering, in

violation of Title 18, United States Code, Section 1956, knowing that the property involved in

the financial transactions represented the proceeds of some form of unlawful activity, and that

the transactions were designed in whole and in part to conceal and disguise the nature, location,

source, ownership and control of the proceeds of such specified unlawful activity.

      (Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

COUNT SEVEN
(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

8.      In or about and between March 2017 and May 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

AGIM RUGOVA, together with others, did knowingly and intentionally engage in one or more

monetary transactions by, through and to a financial institution, in and affecting interstate and

foreign commerce, in criminally derived property that was of a value greater than $10,000 and

that was derived from a specified unlawful activity, to wit: attempted money laundering, in

violation of Title 18, United States Code, Section 1956.

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

COUNT EIGHT
(Money Laundering Conspiracy)

9.      In or about and between March 2017 and May 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ALBERT VELIU, also known as "Benny Veliu," and DILBER KUKIC, together

with others, did knowingly and intentionally conspire:

a.      to conduct one or more financial transactions affecting interstate

commerce and transactions involving a financial institution the activities of which had an effect

on interstate commerce, which transactions in fact involved the proceeds of specified unlawful

activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841,

knowing that the property involved in the financial transactions represented the proceeds of some

form of unlawful activity, and that the transactions were designed in whole and in part to conceal

and disguise the nature, location, source, ownership and control of the proceeds of such specified

unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.      to engage in one or more monetary transactions, by, through and to

a financial institution, in and affecting interstate and foreign commerce, in criminally derived

property that was of a value greater than $10,000 and that was derived from a specified unlawful

activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841,

contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT NINE
(Money Laundering)

10.      In or about and between March 2017 and May 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

DILBER KUKIC, together with others, did knowingly and intentionally conduct one or more

financial transactions affecting interstate commerce and transactions involving a financial

institution the activities of which had an effect on interstate commerce, which transactions in fact

involved the proceeds of specified unlawful activity, to wit: attempted money laundering, in

violation of Title 18, United States Code, Section 1956, knowing that the property involved in

the financial transactions represented the proceeds of some form of unlawful activity, and that

the transactions were designed in whole and in part to conceal and disguise the nature, location,

source, ownership and control of the proceeds of such specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT TEN
(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

11.      In or about and between March 2017 and May 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

DILBER KUKIC, together with others, did knowingly and intentionally engage in one or more

monetary transactions by, through and to a financial institution, in and affecting interstate and

foreign commerce, in criminally derived property that was of a value greater than $10,000 and

that was derived from a specified unlawful activity, to wit: attempted money laundering, in

violation of   Title 18, United States Code, Section 1956.

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

COUNT ELEVEN
(Money Laundering Conspiracy)

12.      In or about April 2017, within the Eastern District of New York and

elsewhere, the defendants ALBERT VELIU, also known as "Benny Veliu," and MARTIN

SHKRELI, together with others, did knowingly and intentionally conspire:

a.      to conduct one or more financial transactions affecting interstate

commerce and transactions involving a financial institution the activities of which had an effect

on interstate commerce, which transactions in fact involved the proceeds of specified unlawful

activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841,

knowing that the property involved in the financial transactions represented the proceeds of some

form of unlawful activity, and that the transactions were designed in whole and in part to conceal

and disguise the nature, location, source, ownership and control of the proceeds of such specified

unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.      to engage in one or more monetary transactions, by, through and to

a financial institution, in and affecting interstate and foreign commerce, in criminally derived

property that was of a value greater than $10,000 and that was derived from a specified unlawful

activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841,

contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWELVE
### (Money Laundering)

13.     In or about April 2017, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and intentionally conduct one or more financial transactions affecting interstate commerce and transactions involving a financial institution the activities of which had an effect on interstate commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: attempted money laundering, in violation of Title 18, United States Code, Section 1956, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT THIRTEEN
### (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

14.     In or about April 2017, within the Eastern District of New York and elsewhere, the defendant MARTIN SHKRELI, together with others, did knowingly and intentionally engage in one or more monetary transactions by, through and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from a specified unlawful activity, to wit: attempted money laundering, in violation of Title 18, United States Code, Section 1956.

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Money Laundering Conspiracy)

15.     In or about May 2017, within the Eastern District of New York and elsewhere, the defendants ALBERT VELIU, also known as "Benny Veliu," and XHEVAT GOCAJ, also known as "John Gocaj," together with others, did knowingly and intentionally conspire:

a.     to conduct one or more financial transactions affecting interstate commerce and transactions involving a financial institution the activities of which had an effect on interstate commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.     to engage in one or more monetary transactions, by, through and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from a specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FIFTEEN
(Money Laundering)

16.     In or about May 2017, within the Eastern District of New York and elsewhere, the defendant XHEVAT GOCAJ, also known as "John Gocaj," together with others,

did knowingly and intentionally conduct one or more financial transactions affecting interstate

commerce and transactions involving a financial institution the activities of which had an effect

on interstate commerce, which transactions in fact involved the proceeds of specified unlawful

activity, to wit: attempted money laundering, in violation of Title 18, United States Code,

Section 1956, knowing that the property involved in the financial transactions represented the

proceeds of some form of unlawful activity, and that the transactions were designed in whole and

in part to conceal and disguise the nature, location, source, ownership and control of the proceeds

of such specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

17.     In or about May 2017, within the Eastern District of New York and

elsewhere, the defendant XHEVAT GOCAJ, also known as "John Gocaj," together with others,

did knowingly and intentionally engage in one or more monetary transactions by, through and to

a financial institution, in and affecting interstate and foreign commerce, in criminally derived

property that was of a value greater than $10,000 and that was derived from a specified unlawful

activity, to wit: attempted money laundering, in violation of Title 18, United States Code,

Section 1956.

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Money Laundering Conspiracy)

18.     In or about June 2017, within the Eastern District of New York and

elsewhere, the defendants ALBERT VELIU, also known as "Benny Veliu," and EKRAM

SEJDIJA, together with others, did knowingly and intentionally conspire:

a.      to conduct one or more financial transactions affecting interstate commerce and transactions involving a financial institution the activities of which had an effect on interstate commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b.      to engage in one or more monetary transactions, by, through and to a financial institution, in and affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and that was derived from a specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Section 841, contrary to Title 18, United States Code, Section 1957(a).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### COUNT EIGHTEEN
(Money Laundering)

19.      In or about June 2017, within the Eastern District of New York and elsewhere, the defendant EKRAM SEJDIJA, together with others, did knowingly and intentionally conduct one or more financial transactions affecting interstate commerce and transactions involving a financial institution the activities of which had an effect on interstate commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: attempted money laundering, in violation of Title 18, United States Code, Section 1956, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the transactions were designed in whole and in part to conceal

and disguise the nature, location, source, ownership, and control of the proceeds of such

specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT NINETEEN
(Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

20.     In or about June 2017, within the Eastern District of New York and

elsewhere, the defendant EKRAM SEJDIJA, together with others, did knowingly and

intentionally engage in one or more monetary transactions by, through and to a financial

institution, in and affecting interstate and foreign commerce, in criminally derived property that

was of a value greater than $10,000 and that was derived from a specified unlawful activity, to

wit: attempted money laundering, in violation of Title 18, United States Code, Section 1956.

(Title 18, United States Code, Sections 1957(a), 2 and 3551 et seq.)

## COUNT TWENTY
(Money Laundering Conspiracy)

21.     In or about June 2017, within the Eastern District of New York and

elsewhere, the defendants ALBERT VELIU, also known as "Benny Veliu," and ALBAN

VELIU, together with others, did knowingly and intentionally conspire to conduct one or more

financial transactions affecting interstate commerce and transactions involving a financial

institution the activities of which had an effect on interstate commerce, which transactions in fact

involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of

Title 21, United States Code, Section 841, knowing that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity, and that the transactions

were designed in whole and in part to conceal and disguise the nature, location, source,

ownership and control of the proceeds of such specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWENTY-ONE
(Money Laundering)

22.      In or about June 2017, within the Eastern District of New York and elsewhere, the defendant ALBAN VELIU, together with others, did knowingly and intentionally conduct one or more financial transactions affecting interstate commerce and transactions involving a financial institution the activities of which had an effect on interstate commerce, which transactions in fact involved the proceeds of specified unlawful activity, to wit: attempted money laundering, in violation of Title 18, United States Code, Section 1956, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Conspiracy to Distribute Marijuana)

23.      In or about and between March 2017 and May 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALBERT VELIU, also known as "Benny Veliu," CHRISTOPHER CURANOVIC and TRISH LUM, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance

containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

### COUNT TWENTY-THREE
(Distribution of Marijuana)

24. In or about April 2017, within the Eastern District of New York and elsewhere, the defendants ALBERT VELIU, also known as "Benny Veliu," CHRISTOPHER CURANOVIC and TRISH LUM, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

25. The United States hereby gives notice to the defendant charged in Count One that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violations of Title 18, United States Code, Section 922 or Section 924.

26.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     a.  cannot be located upon the exercise of due diligence;

     b.  has been transferred or sold to, or deposited with, a third party;

     c.  has been placed beyond the jurisdiction of the court;

     d.  has been substantially diminished in value; or

     e.  has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

27.    The United States hereby gives notice to the defendants charged in Count Two that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

28.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE THROUGH TWENTY-ONE

29.     The United States hereby gives notice to the defendants charged in Counts Three through Twenty-one that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offenses to forfeit any property, real or personal, involved in such offenses, or any property traceable to such property.

30.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

    c.       has been placed beyond the jurisdiction of the court;

    d.       has been substantially diminished in value; or

    e.       has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendants up to the value of the forfeitable property described in this forfeiture

allegation.

        (Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United

States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS TWENTY-TWO AND TWENTY-THREE

    31.     The United States hereby gives notice to the defendants charged in

Counts Twenty-Two and Twenty-three that, upon their conviction of either such offense, the

government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a),

which requires any person convicted of such offenses to forfeit: (a) any property constituting, or

derived from, any proceeds obtained directly or indirectly as the result of such offenses, and (b)

any property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, such offenses.

    32.     If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

    a.       cannot be located upon the exercise of due diligence;

    b.       has been transferred or sold to, or deposited with, a third party;

    c.       has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

FOREPERSON

BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F. # 2017R00319

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*ALBERT VELIU, et al.,*

Defendants.

## INDICTMENT

( T. 18, U.S.C., §§ 371, 894(a)(1), 924(d)(1), 981(a)(1)(C), 982(a)(1), 982(b)(1), 1956(a)(3)(B), 1956(h), 1957, 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
                                                                                                *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                                                        *Clerk*

*Bail, $* _____

_____

*Michael T. Keilty, Assistant U.S. Attorney (718) 254-7528*