

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MTK
F. #2016R00614

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 20, 2019

By Hand and ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Alban Veliu
> Criminal Docket No. 17-404 (S-1)(KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter in advance of the defendant Alban Veliu's sentencing in the above-captioned case, which is scheduled for October 21, 2019 at 11:00 a.m. On May 24, 2019, the defendant pleaded guilty pursuant to a plea agreement before Your Honor, to one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). For the reasons set forth below, the government respectfully requests that the Court impose a sentence of three years' probation.

I. Background

The Pre-Sentence Investigation Report ("PSR") accurately sets forth the offense conduct. On or about May 31, 2017, the defendant's co-conspirator and brother, Albert Veliu, received $180,000 in cash from a DEA confidential source who represented the funds to be proceeds of narcotics trafficking. PSR ¶ 31. On June 2, 2017, at the direction of Albert Veliu, an additional co-conspirator, Ekram Sejdija, provided the defendant, with a $50,000 check in exchange for $50,000 in cash. Id. ¶ 32. On June 6, 2017, the defendant provided the DEA confidential source with the "clean" check provided by Sejdija. The check was dated June 9, 2017 and written on the account of Sejdija's company, "V&E General Construction LLC." Id. ¶ 33. On June 8, 2017, Sejdija texted Albert Veliu and reminded Veliu to provide him with the agreed upon fraudulent invoices that could be used to support the illicit $50,000 check.

II. Guidelines Calculation

The government's Guidelines calculation, as set forth in the parties' plea agreement, is as follows:

| | | |
|---|---|---:|
| | Base Offense Level (§ 2S1.1(a)(2)) | 8 |
| Plus: | Value of the Funds (§ 2B1.1(b)(1)(D)) | +6 |
| Plus: | Conviction under 18 U.S.C. § 1956 (§ 2S1.1(b)(2)(B)) | +2 |
| Less: | Minimal Role Reduction (§ 3B1.2(a)) | -4 |
| Less: | Global Adjustment (§5K2.0) | -1 |
| | Total: | 11 |

The Probation Department calculated that the defendant's criminal history score is 0, and that his criminal history category therefore is I. PSR ¶ 71. After two levels are subtracted from the total offense level of 11 to reflect the defendant's acceptance of responsibility, the resulting offense level is 9. This results in an applicable Guidelines range of 4 to 10 months' imprisonment.

III. Analysis

The government respectfully submits that a sentence of three years' probation is appropriate in light of the factors set forth in 18 U.S.C. § 3553(a). Interpreting the Supreme Court's decision in United States v. Booker, the Second Circuit has held that "sentencing judges remain under a duty with respect to the Guidelines . . . to consider them, along with the other factors listed in section 3553(a)." United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005). "While district courts enjoy discretion following Booker, that discretion must be informed by the § 3553(a) factors[.]" Id. at 132 (internal quotation marks omitted). In this case, the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence of probation.

A sentence of three years' probation is appropriate because it reflects the relatively minor role that the defendant played in this conspiracy to launder funds, while also accounting for his acceptance of responsibility in pleading guilty, and his personal history and characteristics. Ultimately, the defendant's role in this conspiracy is akin to a drug courier. While undoubtedly vital to the commission of the crime, a courier is generally not involved in the planning of the crime and often receives a minimal benefit from his role in the crime. So it can be said of the defendant. Nonetheless, the defendant's conduct must be punished. The defendant knowingly stood in the shoes of his brother and facilitated a money laundering transaction. A sentence of three years' probation will make plain that money laundering, a crime that allows criminals to reap the fruits of their misdeeds, will simply not be tolerated.

IV. Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence of three years' probation, which is sufficient, but not greater than necessary, to achieve the goals of sentencing. See U.S.S.G. § 3553(a)(2).

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/
     Michael T. Keilty
     Assistant U.S. Attorney
     (718) 254-7528

cc: Susan Kellman, Esq. (by ECF)
    Clerk of Court (KAM) (by ECF)